KAY DECLARATION

# EXHIBIT 2

INTERNATIONAL COURT OF ARBITRATION® | INTERNATIONAL CENTRE FOR ADR | LEADING DISPUTE RESOLUTION WORLDWIDE

# ARBITRATION RULES
In force as from 1 March 2017

# MEDIATION RULES
In force as from 1 January 2014



ICC INTERNATIONAL CHAMBER OF COMMERCE



International Chamber of Commerce (ICC)
33-43 avenue du Président Wilson
75116 Paris, France
**www.iccwbo.org**

Copyright © 2011, 2013, 2016
International Chamber of Commerce (ICC)

All rights reserved

ICC holds all copyright and other intellectual property rights in this collective work. No part of this work may be reproduced, distributed, transmitted, translated or adapted in any form or by any means except as permitted by law without the written permission of ICC. Permission can be requested from ICC through copyright.drs@iccwbo.org.

This publication exists in various languages. The English version of the Rules is the original text. The latest editions of all versions are available online at www.iccarbitration.org.

ICC, the ICC logo, CCI, International Chamber of Commerce (including Spanish, French, Portuguese and Chinese translations), World Business Organization, International Court of Arbitration and ICC International Court of Arbitration (including Spanish, French, German, Arabic and Portuguese translations) are all trademarks of ICC, registered in several countries.

Publication date: May 2019

The respondent may submit such other documents or information with the counterclaims as it considers appropriate or as may contribute to the efficient resolution of the dispute.

6 The claimant shall submit a reply to any counterclaim within 30 days from the date of receipt of the counterclaims communicated by the Secretariat. Prior to the transmission of the file to the arbitral tribunal, the Secretariat may grant the claimant an extension of time for submitting the reply.

## ARTICLE 6

### Effect of the Arbitration Agreement

1 Where the parties have agreed to submit to arbitration under the Rules, they shall be deemed to have submitted *ipso facto* to the Rules in effect on the date of commencement of the arbitration, unless they have agreed to submit to the Rules in effect on the date of their arbitration agreement.

2 By agreeing to arbitration under the Rules, the parties have accepted that the arbitration shall be administered by the Court.

3 If any party against which a claim has been made does not submit an Answer, or if any party raises one or more pleas concerning the existence, validity or scope of the arbitration agreement or concerning whether all of the claims made in the arbitration may be determined together in a single arbitration, the arbitration shall proceed and any question of jurisdiction or of whether the claims may be determined together in that arbitration shall be decided directly by the arbitral tribunal, unless the Secretary General refers the matter to the Court for its decision pursuant to Article 6(4).

4 In all cases referred to the Court under Article 6(3), the Court shall decide whether and to what extent the arbitration shall proceed. The arbitration shall proceed if and to the extent that the Court is *prima facie* satisfied that an arbitration agreement under the Rules may exist. In particular:

(i) where there are more than two parties to the arbitration, the arbitration shall proceed between those of the parties, including any additional parties joined pursuant to Article 7, with respect to which the Court is *prima facie* satisfied that an arbitration agreement under the Rules that binds them all may exist; and

(ii) where claims pursuant to Article 9 are made under more than one arbitration agreement, the arbitration shall proceed as to those claims with respect to which the Court is *prima facie* satisfied (a) that the arbitration agreements under which those claims are made may be compatible, and (b) that all parties to the arbitration may have agreed that those claims can be determined together in a single arbitration.

The Court's decision pursuant to Article 6(4) is without prejudice to the admissibility or merits of any party's plea or pleas.

5 In all matters decided by the Court under Article 6(4), any decision as to the jurisdiction of the arbitral tribunal, except as to parties or claims with respect to which the Court decides that the arbitration cannot proceed, shall then be taken by the arbitral tribunal itself.

6 Where the parties are notified of the Court's decision pursuant to Article 6(4) that the arbitration cannot proceed in respect of some or all of them, any party retains the right to ask any court having jurisdiction whether or not, and in respect of which of them, there is a binding arbitration agreement.